EX REL BURLEY ADAIR

*vs.*

KEEPER OF JAIL OF COUNTY OF YORK

York. Opinion, December 27, 1950.

PER CURIAM.

On exceptions to denial of a writ of habeas corpus. In addition to the bill of exceptions there is printed therewith in the record now before this court the petition for the issue of the writ of habeas corpus, the order of a Justice of the Superior Court that the writ of habeas corpus issue, the officer's return thereon, a petition for release, the docket entries in the case, a transcript of the evidence containing a complete record of the proceedings before the Justice of the Superior Court hearing the writ and his order denying the writ and allowing exceptions thereto. No part of the aforesaid printed record is by reference or otherwise made a part of the bill of exceptions presented in the record.

The court in considering the exceptions cannot travel outside of the bill itself. Without that part of the printed record accompanying the bill of exceptions, including the transcript of the evidence, it is impossible for this court to pass upon the issues intended to be raised by the bill of exceptions. Upon examination of those parts of the record presented to us which are not made a part of the bill of exceptions, and especially the docket entries, it is apparent that the failure to incorporate the same in the bill of exceptions by reference was inadvertent error.

"When errors in pleading or procedure render it impossible to pass upon the issues intended to be raised by a bill of exceptions, and the ends of justice require such action, this court has authority under R. S., Chap. 91, Sec. 14, to order a remand for the correction of such errors." *Powers v. Rosenbloom,* 143 Me. 408, 59 Atl. (2nd) 844. *Moores v. Inhabitants of the Town of Springfield,* 143 Me. 415, 62

Atl. (2nd) 210. This is such a case and it is remanded to any Justice of the Superior Court for correction of the bill of exceptions by incorporation therein of the pleadings and evidence and the other aforesaid essential material, in term time or vacation, and the re-entry of the case at the February Term 1951 of the Law Court.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.